J. BOLTON LACK and Another, Appellants, v. MARY ELLEN PUENTES and Others, Defendants.

OLYVE G. BURRIS, Individually and as Substituted Trustee, etc., of LUCY RIN, Deceased, Respondent.

Second Department, October 27, 1933.

*S. F. Peavey, Jr.*, for the appellants.

*O. Grant Esterbrook*, for the respondent.

HAGARTY, J. This is a foreclosure action. The order under review directs that the respondent, Olyve G. Burris, individually and as substituted trustee under the last will and testament of Lucy Rin, deceased, be joined as codefendant in this action, and that, as such, she be served with a verified supplemental complaint. Respondent, individually, claims the fee of the land described in the complaint under the will of Andrew Peters, deceased. Andrew Peters was the executor and trustee named in the last will and

testament of Lucy Rin, the prior owner of the fee and the maker of the mortgage under foreclosure. Andrew Peters was also the administrator of the estate of his brother Edward, the mortgagee. Lucy Rin was a servant in the original Peters family. The proof discloses that the mortgage was made by Lucy Rin to Edward in 1881, and the property subsequently devised by her to Andrew, subject to the life estate of her niece, defendant Mary Ellen Puentes, for the purpose of protecting the property against possible claims of her inebriate and worthless husband. Concededly, during the intervening period of more than fifty years, interest was never paid upon the principal sum. Lucy Rin died in 1906, Edward J. Peters in 1915, and Andrew Peters in 1930. The respondent, a stranger in blood to all the parties, is the substituted trustee under the will of Lucy Rin, as successor to Andrew Peters. The proof that it was the intention of Andrew to vest title to the property under foreclosure in defendant Mary Ellen Puentes, and that in furtherance of that intention he assigned the mortgage to the plaintiffs for the purpose of foreclosure on behalf of defendant Mary Ellen Puentes, is not controverted. Under these circumstances, Andrew Peters, with laudable intentions, deliberately defaulted when served with process in 1927. The property is of small value, but the income of twenty-five dollars per month is required by defendant Mary Ellen Puentes, now incapacitated by failing eyesight, for her support. The default was consistent with the purpose sought to be effected by Edward Peters and Andrew Peters during their lives in preserving this property, free of defects, for Lucy Rin and, upon her death, vesting it in defendant Mary Ellen Puentes.

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., KAPPER, CARSWELL and DAVIS, JJ., concur.

Order granting motion of Olyve G. Burris to be joined as a codefendant in the action reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.